June 12, 2020

**By ECF**
The Honorable Colleen McMahon
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 2550
New York, NY 10007

> Re:   Briefing schedule for Plaintiff States' motion for preliminary injunction in *New York v. EPA* (S.D.N.Y. 20-CV-3714) (CM) (rel. 20-CV-3058)

Dear Chief Judge McMahon:

In response to the Court's June 9, 2020 order in this case (Dkt. No. 26), directing the parties to meet and confer on a briefing schedule on Plaintiffs' motion for preliminary injunction (Dkt. No. 17), the undersigned counsel for the parties submit this letter. After meeting and conferring to discuss a briefing schedule, the parties were not able to reach agreement. The remainder of this letter sets forth the parties' respective positions on an appropriate schedule.

<ins>States' Position</ins>

It is the States' position that a motion seeking preliminary relief should be heard in accordance with the standard motions schedule set forth in this Court's local rules and Your Honor's individual rules. The timing for motions for preliminary injunction is governed by Local Rule 6.1(b)(2), which provides that "any opposing affidavits and answering memoranda shall be served within fourteen days after service of moving papers." Under Your Honor's individual rules (Section V.F), reply papers are due within five days of answering papers. Applying those rules to the States' pending motion, that would mean a June 22 deadline for Defendants' response and, because June 27 is a Saturday, the deadline for the States' reply would be June 29.

Adhering to the standard schedule for motions is warranted here. As set forth in the States' motion for a preliminary injunction, the challenged federal agency action in this case (the Policy) is causing irreparable harm. Specifically, the Policy incentivizes pollution that threatens injury to the health and safety of the States' residents (particularly those in minority and low-income communities), deprives States of information relevant to determining industry compliance, and is forcing States to incur nonrecoverable costs in seeking to fill the enforcement void left by EPA. *See* States' Motion (Dkt. No. 18) at 20-24; *see generally Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987) (if environmental injury is sufficiently likely, a balance of harms will usually favor the issuance of an injunction). In light of the irreparable harm component, the need for prompt consideration of preliminary injunction requests is well-recognized. *See, e.g.*, *Hsu By & Through Hsu v. Roslyn Union Free Sch. Dist. No. 3*, 85 F.3d 839 (2d Cir. 1996) (preliminary injunction rulings typically based on "expedited proceedings").

The States respectfully submit that deferring briefing on Defendants' planned motion to dismiss until the pending motion for preliminary injunction is resolved is most appropriate and

have informed counsel for Defendants that the States are amenable to extending Defendants' time to respond to the complaint until after the Court rules on the preliminary injunction. If Your Honor is inclined to consider a motion to dismiss at this time, the States propose that Defendants be required to serve any motion to dismiss by June 22 or shortly thereafter. Your Honor issued a similar briefing order in *Vaguely Qualified Productions LLC v. MTA* (15-CV-04952) (CM), ordering the defendants to file their opposition to plaintiffs' motion for preliminary injunction and their motion to dismiss within eighteen days of when plaintiffs filed their motion. *See* 8/17/15 minute entry in Case No. 15-CV-04952 (requiring defendants to file their opposition to plaintiffs' 8/10/15 motion and any motion to dismiss by 8/28/15). Defendants' proposed approach, by contrast, would result in the parties not completing briefing on the States' preliminary injunction motion until sometime in August. That prolonged schedule is inconsistent with the principle of prompt adjudication of preliminary injunction motions to address any irreparable harm shown by the plaintiffs.

    <u>Defendants' Position</u>

In addition to opposing Plaintiffs' motion for a preliminary injunction, Defendants intend to move to dismiss the Complaint.  Not only does Plaintiffs' Complaint suffer from standing and statutory jurisdiction defects, but Plaintiffs' challenge to EPA's temporary enforcement policy also implicates the core of EPA's enforcement discretion, which is not subject to judicial review. *See generally Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion").

Because these issues overlap so extensively with elements of the preliminary injunction standard—most notably likelihood of success on the merits, but also irreparable harm, balance of the equities, and the public interest—the Government believes that in the interests of judicial efficiency the briefing schedule for the preliminary injunction motion and the motion to dismiss should be combined.  Accordingly, the Government proposes the following schedule and requests additional pages as follows:

        Defendants' opposition to preliminary injunction and cross-motion to dismiss: due July 14, 40 pages.

        Plaintiffs' reply in support of preliminary injunction and opposition to motion to dismiss: due July 31, 35 pages.

        Defendants' reply in support of motion to dismiss: due August 7, 15 pages.

This schedule will allow the Court expeditiously to decide the Government's threshold defenses as well as Plaintiff's motion for a preliminary injunction, and will reduce the duplication that otherwise would be present in separate briefing on significantly overlapping topics.  The motion to dismiss will be submitted by the Government three weeks before the August 4, 2020 deadline for the Government to respond to the complaint.

It is the Government's understanding that Plaintiffs wish to have the Government oppose the motion for a preliminary injunction by June 22, without a corresponding cross-motion.  As noted, the Government believes that separating the two motions is inefficient, and in any event 14 days does not offer sufficient time to prepare fully considered briefing on the important and complex issues raised in Plaintiffs' motion.  Moreover, Plaintiffs' claim that speed is of the essence is undermined by the two-and-a-half months that Plaintiffs permitted to elapse between EPA's announcement of the temporary enforcement policy on March 26, 2020, and the filing of their motion for a preliminary injunction on June 8, 2020.

The Government thanks the Court for its consideration.

Counsel for the parties are available to discuss this matter at Your Honor's convenience. Thank you for your consideration of this matter.

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York

GEOFFREY S. BERMAN
United States Attorney of the
Southern District of New York

By:  _Michael J. Myers_[1]____

By:  _/s/ Lucas Issacharoff_____

MICHAEL J. MYERS
Senior Counsel
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2382
michael.myers@ag.ny.gov

RACHAEL DOUD
LUCAS ESTLUND ISSACHAROFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274/2737
Fax: (212) 637-2702
Email: rachael.doud@usdoj.gov
E-mail: lucas.issacharoff@usdoj.gov

---

[1] Counsel for the State of New York represents that the other plaintiff States consent to this filing.